UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 21 P 2: 39

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. |
| ) | |
| NASSER KAMALI, ) | 04-11407 GAO |
| ) | |
| Defendant. ) | MAGISTRATE JUDGE Cohen |

## COMPLAINT

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, states as its complaint that:

1. Jurisdiction of this action is conferred on the Court by 28 U.S.C. § 1345.

2. The defendant, Nasser Kamali (hereinafter "Kamali"), resides in the District of Massachusetts at 29 Maple Avenue, Sharon, MA 02067.

3. Kamali is indebted to the United States in the principal amount of $247,093.86 plus interest computed at the rate of 4 percent per annum for a total amount of $248,447.89 as of May 31, 2004. Thereafter, interest on the principal amount will accrue at the rate of 4.0 percent per annum until the date of judgment. See Exhibit "A" attached hereto and incorporated herein.

4. Kamali has failed to repay the aforesaid sum although demand has been duly made.

WHEREFORE, the United States demands judgment against Kamali in the principal amount of $247,093.86; plus interest in the amount of $1,354.03; plus interest on this principal at an annual rate of 4.0 percent per annum until the date of judgment. The United States further demands, pursuant to 28 U.S.C. § 1961, that interest on the judgment accrue at the legal rate until paid in full.

    Respectfully submitted,

    UNITED STATES OF AMERICA
    By its attorneys

    MICHAEL J. SULLIVAN
    United States Attorney

By: */s/ Christopher R. Donato*

    CHRISTOPHER R. DONATO
    Assistant U.S. Attorney
    1 Courthouse Way, Suite 9200
    Boston, MA 02210
    (617) 748-3328

Dated: June 21, 2004



**DEPARTMENT OF HEALTH & HUMAN SERVICES**  Program Support Center

Rockville MD 20857

JUN 9 2004

# CERTIFICATE OF INDEBTEDNESS

Nasser Kamali
29 Maple Avenue
Sharon, MA 02067
Ref: 50103401

Total debt due to the United States of America as of May 31, 2004: $248,447.89 (principal $247,093.86, interest $1,354.03, administrative costs $0.00).

I certify that the Department of Health and Human Services records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $247,093.86 from May 31, 2004, at the rate of 4.00%. Interest accrues on the principal amount of this debt at the rate of $27.08 per day. Interest is computed at a variable rate and is adjusted quarterly. Due to the semi-annual compounding of interest, the current principal amount is greater than the original amount borrowed.

The claim arose in connection with a Government-insured Health Education Assistance Loan (HEAL) made by a private lender and assigned to the United States.

As a student at the Boston University, Medical Campus, you applied for and were granted the following Health Education Assistance Loans (HEAL), Section 701-720 of the Public Health Service Act (42 U.S.C. 292 f-p).

| Date of Promissory Note | Amount of Promissory Note | Date Approved | Amount Approved |
|---|---|---|---|
| 08/25/86 | $ 9,000.00 | 07/21/86 | $ 9,000.00 |
| 10/24/86 | $11,000.00 | 10/24/86 | $11,000.00 |
| 09/26/87 | $11,057.00 | 09/25/87 | $11,057.00 |
| 10/22/87 | $ 8,943.00 | 12/10/87 | $ 8,943.00 |
| 07/26/89 | $20,000.00 | 07/31/89 | $20,000.00 |
| 01/02/91 | $20,000.00 | 01/11/91 | $20,000.00 |

You signed promissory notes agreeing to repay the loans at a variable rate of interest beginning the first day of the tenth month after ceasing to be a full-time student or completing a residency program. The Student Loan Marketing Association (SLMA) purchased your notes and received an assignment.


EXHIBIT A

## PAGE 2 - CERTIFICATE OF INDEBTEDNESS - NASSER KAMALI

Upon your leaving the Boston University, Medical Campus, you were granted several forbearances and deferments during the period of April 20, 1989, to August 31, 1993. You were furnished a repayment schedule by the Student Loan Servicing Center with notification that payments were to begin November 15, 1993. You did not make any payments.

On May 14, 1996, the SLMA sent you a final demand letter to remit payment in full or your account would be filed as a default claim. You did not make any payments, nor did you respond.

Due to your failure to make payments, the SLMA filed an insurance claim on June 10, 1996, with the Department of Health and Human Services (HHS). The claim in the amount of $148,893.00 was paid on November 8, 1996, and an assignment of the notes was received.

By letter dated November 19, 1996, you were notified that the previous holder of your HEAL placed you in default and assigned your notes to the United States Government. You were informed that your student loans were consolidated using the lowest interest rate allowable by law. Enclosed were instructions for entering into a repayment agreement (RA) with notice that it must be completed and returned within thirty (30) days. You did not respond.

By letter dated March 13, 1997, you were notified that your account had been referred to Payco American Corporation for collection. You were advised that your account would be referred to the U.S. Department of Justice (DOJ) if you failed to either remit payment in full or enter into an RA. You did not comply.

In a letter dated July 11, 1997, you were notified of the DHHS' intent to refer your HEAL debt to other Federal agencies for the purpose of administrative offset under the Debt Collection Improvement Act of 1996. You were advised that a written response, an RA, or payment in full received within thirty (30) days from the date of the letter would terminate administrative offset action. You did not comply.

On April 21, 1998, August 14, 2000, July 3, 2002, and July 14, 2003, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish an RA, your case would be immediately referred to the Office of the Inspector General (OIG) for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into an RA your debt would be referred to the DOJ for enforced collection. You did not comply.

On April 16, 2003, your account was referred to the DOJ, District of Massachusetts for enforced collection. The DOJ's repeated attempts to contact you to establish an acceptable repayment schedule were unsuccessful, therefore, on July 8, 2003, the DOJ returned your case to the HHS for monitoring. The HHS was able to locate your current address and accordingly, your debt has now been referred to the DOJ for enforced collection.

On March 24, 2004, you were notified that you had sixty (60) days in which to resolve your delinquent debt. You were advised that if you were unwilling to establish an RA, your case would be immediately referred to the OIG for exclusion from participation in the Medicare/Medicaid Programs. The letter also informed you that in the event you did not enter into an RA your debt would be referred to the DOJ for enforced collection. You did not comply.

## PAGE 3 - CERTIFICATE OF INDEBTEDNESS - NASSER KAMALI

The following provides a breakdown of credits applied to your account:

1 Treasury Offset Payment        03/12/04              $604.80

Repeated attempts by HHS have been unsuccessful in establishing an acceptable repayment schedule for your debt. Because of your lack of cooperation the federal government is exercising its option and declaring your note due and payable. Accordingly, your debt has now been referred to the DOJ for enforced collection.

The amount due should be remitted by check, draft or money order(s) payable to the "U.S. Department of Justice" and mailed directly to the United States Attorney, District of Massachusetts, One Courthouse Way, U.S. Courthouse, Suite 9200, Boston, Massachusetts 02210.

**CERTIFICATION:** *Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.*

JUN  9  2004
Date

Barry M. Blum
Chief, Referral Control Section
Debt Management Branch

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNTIED STATES OF AMERICA

## DEFENDANTS
NASSER KAMALI

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Norfolk 925021
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

*FILED IN CLERK'S OFFICE 2004 JUN 21 P 2:39 US DISTRICT COURT OF MASS*

(c) Attorney'S (Firm Name, Address, and Telephone Number)
CHRISTOPHER R. DONATO, AUSA
1 COURTHOUSE WAY, SUITE 9200
BOSTON, MA 02210
(617) 748-3303

Attorneys (If Known)

**04-11407 GAO**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X " in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☒ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. SECTION 1345    Default of government guaranteed student loan

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 248,447.89

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 6/14/2004
SIGNATURE OF ATTORNEY OF RECORD  *Christopher R. Donato*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 JUN 21 PM 2: 39
U.S. DISTRICT COURT
DISTRICT OF MASS.

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __U.S.A. v. Nasser Kamali__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

    ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.
              *Also complete AO 120 or AO 121
              for patent, trademark or copyright cases

    ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    _X_ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?    YES ___    NO ___

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)    YES ___    NO ___

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?    YES ___    NO ___

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?    YES ___    NO ___

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).    YES ___    NO ___

   A. IF YES, IN WHICH DIVISION DO __ALL__ OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      __EASTERN DIVISION__        CENTRAL DIVISION        WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Christopher R. Donato, Assistant U.S. Attorney__
ADDRESS __U.S. Attorney's Office, 1 Courthouse Way-Suite 9200, Boston, MA 02210__
TELEPHONE NO. __617 748 3303__

(Cover sheet local.wpd - 11/27/00)